## Kurtz et al. v. Enterprise Telephone Company

*M. Edna Hurst* and *Harris C. Arnold*, for plaintiffs.

*George T. Hambright* and *John E. Malone*, for defendant.

ATLEE, J., May 14, 1932.—The plaintiffs' bill substantially sets forth the following:

The plaintiffs are William D. Kurtz and Roland C. Kurtz, joint owners of a certain farm located in Salisbury Township, Lancaster County, Pa., which they purchased from their father, H. Coleman Kurtz, March 21, 1930. They took title by deed recorded in the Office for the Recording of Deeds of Lancaster County in deed book A, volume 30, page 123. The said H. Coleman Kurtz, while the owner of the said farm, gave to the Intercourse Telephone & Telegraph Company, whose successor is the Enterprise Telephone Company, a Pennsylvania corporation, the defendant herein, a verbal permissive right to erect a line of poles on, over and across H. Coleman Kurtz's land to the land of D. W. Kurtz for the purpose of placing thereon telephone poles and wires. The said telephone line has fallen into decay and needs replacing and the defendant company threatens to enter upon the land of the plaintiffs for the purpose of erecting a new pole line over the said land. This, the plaintiffs allege, the defendant has obtained no permission from the plaintiffs or their predecessors in title to do, and, consequently, they have forbidden the defendant company to enter upon their lands. The plaintiffs' bill further alleges that the grant of permission by H. Coleman Kurtz was a mere license with the express condition that the line should be removed at any time on demand of the owner of the premises and that the permission of maintaining said line should continue only during the pleasure of the owner. It is alleged no consideration was ever paid to the said

H. Coleman Kurtz or to the present plaintiffs for the permission to maintain a line across the premises named, and it is further averred that in the year 1927 the said H. Coleman Kurtz notified D. W. Kurtz and the defendant company that the said H. Coleman Kurtz rescinded permission for maintenance of the line and demanded that the line be removed from the premises.

The answer of the defendant avers that the Intercourse Telephone & Telegraph Company never received any verbal permission or any other permission from H. Coleman Kurtz to erect its lines over the property of H. Coleman Kurtz since the Intercourse Telephone & Telegraph Company erected the line in the year 1909, at which time H. Coleman Kurtz was not the owner of the property, he having secured his title to the property from the executors of his father, Daniel Kurtz, deceased, by deed bearing date March 29, 1910, and recorded in the recorder's office of this county in deed book D, volume 20, page 32. The defendant further avers that during the year 1909 the said Intercourse Telephone & Telegraph Company, predecessor of the instant defendant, secured an irrevocable right from the said Daniel Kurtz to erect its line across the property to the property of D. W. Kurtz. The defendant further avers that the line so erected in 1909 has been in operation and has been maintained from that time up until the time of the filing of the bill in this case. The defendant admits that no consideration was paid to H. Coleman Kurtz for the construction of the line, since H. Coleman Kurtz was not the owner of the property over which the line was constructed, nor did he have any interest in the land at the time the line was erected. The defendant also denies that it was notified by the plaintiffs to remove the line; avers that there were but three poles on the plaintiffs' premises out of repair; and that these three poles were to be replaced with new poles when the defendant and its workmen were prevented from doing so by the action of the plaintiffs.

Thus is raised the issue as to the right of the Enterprise Telephone Company to maintain a telephone line over and across the land of William D. Kurtz and Roland C. Kurtz, the plaintiffs. The issue involves the decision of the question as to the rights of the defendant company in the land of the said plaintiffs.

### Findings of fact

1. The plaintiffs, William D. Kurtz and Roland C. Kurtz, are the owners in fee simple of a certain farm located in Salisbury Township, Lancaster County, Pa., purchased from their father, H. Coleman Kurtz, March 21, 1930, by deed recorded in deed book A, volume 30, page 123, containing 126 acres and 16 perches of land, strict measure, and more particularly described in the original deed.

2. The defendant, the Enterprise Telephone Company, is a Pennsylvania corporation, incorporated under the Act of 1874 for the purpose of constructing, maintaining and leasing telephone and telegraph lines for the general use of the public in the Counties of Lancaster, Chester and Berks, in the State of Pennsylvania, having its principal office in New Holland Borough, Lancaster County, Pennsylvania.

3. H. Coleman Kurtz took title to the land in question by deed from Franklin Kurtz, Daniel W. Kurtz and Benj. L. Kurtz, executors of the last will and testament of Daniel Kurtz, deceased, and Susanna Kurtz, widow of Daniel Kurtz, deceased, by their deed dated March 29, 1910, and recorded in the Office for the Recording of Deeds in and for Lancaster County in deed book D, volume 20, page 32.

4. The telephone line referred to in the pleadings and mentioned above was constructed in the fall of 1909 and telephones were in place in January, 1910.

The Intercourse Telephone & Telegraph Company, predecessor in title of the instant defendant, secured the right to build the line from Daniel Kurtz, the then owner of the property mentioned in the pleadings, and secured this right some time during the year 1909 by a verbal or unwritten permission from Daniel Kurtz.

5. The telephone line mentioned in the pleadings was erected by the Intercourse Telephone & Telegraph Company in the year 1909 and has been continuously operated and maintained by the defendant and its predecessors in title since the year 1909.

### Discussion

The questions of fact involved in the instant case as to the exact date when the line was constructed and as to the nature of the grant under which the defendant is operating have caused the court carefully to consider the testimony in the case. Chester A. Diller, who had no personal interest in the case other than the fact that he was then treasurer of the Intercourse Company, testified that the line was erected in the summer and fall of 1909, and that the telephone rentals were paid for a period beginning January 1, 1910. He also testified that oral permission for the erection of the line was obtained from Daniel Kurtz, the grandfather of the instant plaintiffs, who was sick in bed at the time, and that H. Coleman Kurtz, the father of the plaintiffs, was the person who gave the permission. Again, Enos H. Brackbill testified that he is a son-in-law of H. Coleman Kurtz, who was the father of the instant plaintiffs, having been married November 17, 1909, to a sister of the instant plaintiffs. Mr. Brackbill says that the telephone line was constructed "the fall I was married," and that the witness received a telephone message over the line on December 26, 1909. The witness referred specifically to the message that he received that day and the circumstances under which he got the message from Daniel Kurtz and the circumstances under which Daniel Kurtz sent word to the witness as to what the message was. This testimony is corroborated by Martin D. Kurtz and others, so that the court feels it is amply justified in finding that the line was erected in the year 1909 under a verbal permission, and the testimony, in the opinion of the court, shows that the line has been continuously maintained since that time, especially since receipts for telephone rentals offered in evidence indicate that the date of 1909 is correct. The court feels that as to happenings of twenty years ago oral testimony corroborated by documentary proof is more apt to be correct than testimony unsupported by documents. As to the questions of law involved, the court feels that the plaintiffs in this case clearly have been guilty of laches in attempting to secure the removal from their land of the defendant company's line. While it is true that the instant plaintiffs took title March 21, 1930, and while it is true that they filed the instant bill on January 24, 1931, yet, nevertheless, the instant plaintiffs are bound by the conduct of their immediate predecessors in title. The court believes that in deciding the questions of law involved in this case great weight is to be placed upon the fact that the plaintiffs and their immediate predecessors in title had title twenty-one years before they filed a bill in equity against the defendant. At the time the court entered an opinion passing upon preliminary objections to the plaintiffs' amended bill under the questions raised by the pleadings, the court felt that the decision of the Court of Common Pleas of Greene County in the case of South Penn Telephone Co. *v.* Stockdale, 9 D. & C. 23, required the court to continue the preliminary injunction. Upon further consideration of the case, the court believes that the equities of the instant case distinguish it from the principles applicable in the South Penn Telephone Company matter, and the court no longer considers the decision in the South Penn Telephone Company case

binding and conclusive upon the court in the instant matter. The instant defendant, as the court has found as a question of fact, has maintained its line for over twenty-one years prior to the filing of the bill, and the present plaintiffs and their immediate predecessors in title had ample knowledge of the maintenance of the line. The court feels amply justified in finding that the instant defendant has acquired a permanent irrevocable license in the land of the plaintiffs. In the case of Carrollton Telephone Exchange Co. v. Spicer et al., 177 Ky. 340, 197 S. W. 827, a right similar to that of the instant defendant was sustained. There seems to be a dearth of authorities to guide the court in the solution of this difficulty, but the trial court feels that an equitable disposition of this case involves the following

### Conclusion of law

The defendant telephone company has an irrevocable right to maintain the telephone line over and across the land of the plaintiffs, as the said land and the said line are more particularly described in the pleadings in this case.

### Decree nisi

And now, May 14, 1932, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

1. That the preliminary injunction heretofore granted in this case be dissolved.

2. That the plaintiffs' bill be dismissed.

3. That the plaintiffs pay the costs of this proceeding.

From George Ross Eshleman, Lancaster, Pa.